O

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

UNITED STATES OF AMERICA

Plaintiff/Respondent,

vs.

LISA MAHONEY

Defendant/Petitioner.

Case No. CV 11-8237 CAS
CR 09-1217 CAS

**ORDER DENYING PETITIONER'S REQUEST FOR A HABEAS PETITION (Docket # 61 , filed on Oct. 4, 2011)**

## I. INTRODUCTION AND BACKGROUND

On March 18, 2010, petitioner Lisa Mahoney pled guilty to wire fraud in violation of 18 U.S.C. § 1343. United States v. Lisa Mahoney, CR No. 09-1217 CAS, Dkt. No. 19. In her plea agreement, petitioner admitted that she participated in a ponzi scheme to trick people into investing in real estate that did not exist. See Plea Agreement, Dkt. #3, Ex. A. Petitioner represented to the victims of her scheme that she personally held a deed or lien on real estate under development, and guaranteed the victims substantial returns on their investments. Id. In reality, petitioner owned no such deed or lien, and while petitioner paid the victims "returns" on their investment, she was in truth using new investor funds to pay earlier investors. Id.

In her plea agreement, petitioner and the government stipulated that her offense level was 26. Plea Agreement ¶ 12 (base offense level 7, an 18 level enhancement for a loss over $2.5 million but not exceeding $7 million, a 4 level enhancement due to the presence of more than fifty victims, and a 3 level downward departure for acceptance of responsibility). Defendant nonetheless reserved the right to argue for a sentence outside the range provided for by the sentencing guidelines. Id. ¶ 14. The government, in turn, promised to recommend a term of imprisonment not in excess of 48 months. Id. ¶¶ 14, 18.

Additionally, pursuant to her plea agreement petitioner gave up her right to appeal any sentence imposed by the Court as long as the sentence was within the statutory maximum, was not imposed pursuant to an upward departure in offense level or criminal history category, was imposed pursuant to a determination that her total offense level was 26 or below, and was within the guidelines range corresponding to the her total offense level and criminal history category. Id. ¶ 21. Petitioner's plea agreement does, however, allow her to bring a collateral attack on her sentence or conviction based on a claim of ineffective assistance of counsel. Id.

The plea agreement also provides that if the Court finds a breach of the plea agreement, then the government is relieved of all obligations under the agreement, and further that if it elects to pursue charges dismissed or not filed because of the agreement, defendant gives up defenses based on statute of limitations, pre-indictment delay, or speedy trial claim (except to the extent those defenses existed when the plea agreement was signed). Id. ¶¶ 19 – 20. The Court is not a party to the plea agreement and is not bound by its terms. Id. ¶¶ 15, 23.

On October 15, 2010, the Court sentenced petitioner to 48 months of imprisonment, and on January 10, 2011, the Court ordered petitioner to pay $2,928,607.43 in restitution.

/ / /

On October 4, 2011, petitioner filed a motion to reduce her sentence pursuant to 28 U.S.C. § 2255. Her petition sets out two grounds for granting this relief: (1) unjust sentence, and (2) ineffective assistance of counsel. Mot. at 15-18. On July 12, 2012, the government filed its opposition. Petitioner filed a reply on August 15, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A petition pursuant to 28 U.S.C. § 2255 challenges a federal conviction and/or sentence to confinement where a prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Sanders v. United States, 373 U.S. 1, 2 (1963).

Ineffective assistance of counsel constitutes a violation of the Sixth Amendment right to counsel, and thus, if established, is grounds for relief under section 2255. To establish ineffective assistance of counsel, a petitioner must prove by a preponderance of the evidence: (1) the assistance provided by counsel fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). A claim of ineffective assistance of counsel fails if either prong of the test is not satisfied and petitioner has the burden of establishing both prongs. Id. at 697; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).

With respect to the first prong, the court's review of the reasonableness of counsel's performance is "highly deferential," and there is a "strong presumption" that counsel exercised reasonable professional judgment. Id. The petitioner must "surmount the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.

After establishing an error by counsel and thus satisfying the first prong, a petitioner must satisfy the second prong by demonstrating that his counsel's error rendered the result unreliable or the trial fundamentally unfair. Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability that, but for his counsel's error, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Id.

The Court need not necessarily determine whether petitioner has satisfied the first prong before considering the second. The Supreme Court has held that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." Id. at 670. Indeed, a petitioner's failure to allege the kind of prejudice necessary to satisfy the second prong is sufficient by itself to justify a denial of a petitioner's section 2255 motion without hearing. Hill v. Lockhart, 474 U.S. 52, 60 (1985).

## III. DISCUSSION

### A. Unjust Sentence

Petitioner alleges that she is receiving a higher sentence than other similarly situated defendants because she did not have the opportunity to cooperate against co-conspirators. In response, the government explains that the FBI followed up on petitioner's attempts to cooperate, and much of her information proved to be false or unhelpful. Therefore, contrary to petitioner's allegations, she was given an opportunity to cooperate with the authorities, but her assistance was unfruitful. Accordingly, this claim does not provide grounds for granting petitioner a reduced sentence.[1]

---

[1] Additionally, petitioner claims that her sentence is unjust because defendants with substance abuse problems have the opportunity to reduce their sentence in a rehabilitation program ("RDAP"), which is discriminatory since she allegedly does not have similar alternative options available. Petitioner has not explained why providing different treatment for different categories of criminal offenders amounts to unlawful discrimination.

continue...

**B. Ineffective Assistance of Counsel**

Petitioner next argues that the deputy federal public defender ("petitioner's counsel") who represented her at sentencing rendered ineffective assistance by: (1) declining to reschedule the sentencing hearing after new testimony and letters from the victims were introduced; (2) failing to submit information on petitioner's behalf to attempt to reduce her sentence; (3) instructing petitioner not to meet with her probation officer prior to the preparation of her Pretrial Services Report ("PSR"); (4) submitting an inaccurate PSR; and (5) failing to file an appeal upon petitioner's request. Id. In response, the government contends that petitioner has misstated the facts, and that in truth petitioner's counsel vigorously pursued a reduced sentence, submitted all relevant information for the Court's consideration at sentencing, and failed to appeal only after petitioner acquiesced to her counsel's advice that pursuing an appeal would be unwise.

The Court finds that petitioner's first four arguments fail. Although petitioner's counsel declined to reschedule the sentencing hearing in light of evidence produced for the first time at that hearing, petitioner's counsel had an opportunity to review the evidence during a recess. Moreover, petitioner provides no explanation why her counsel's "virtually unchallengeable" strategic decision to not postpone the hearing was unreasonable or caused any prejudice. Strickland, 466 U.S. at 690 (1984). Additionally, while petitioner complains that her counsel never made a verbatim request for a 24-month sentence during sentencing, petitioner makes no allegations showing that her counsel failed to mount a vigorous and reasonable defense. Finally, petitioner is incorrect that the information before the Court at sentencing regarding financial loss and mitigating circumstances was materially incomplete or inaccurate. Although petitioner claims that the PSR incorrectly stated the actual loss to the victims was $5,057,534, when in fact, she was only required to pay $2,928,607.43 in restitution, the

---

[1]...continue

difference between these figures is immaterial because both result in the 18-level enhancement to which petitioner stipulated in her plea agreement. Moreover, while petitioner claims that her PSR omitted information about her mother's failing health, her full cooperation with authorities, the willingness of the victims, and her potential value to the community, the record demonstrates that the Court considered all of these mitigating factors when rendering its sentence.[2]

Petitioner's fifth argument, by contrast, sets out a cognizable theory of ineffective assistance of counsel. Specifically, petitioner alleges that her counsel did not pursue an appeal despite petitioner's repeated insistence on pursuing an appeal. The Ninth Circuit, in United States v. Sandoval-Lopez, 409 F.3d 1193 (9th Cir. 2005), has explained that if an attorney refuses to file an appeal requested by a defendant, that refusal in itself amounts to ineffective assistance of counsel. Id. at 1197 (explaining that "it is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be contrary to the plea agreement and harmful to your client.").[3] In Sandoval-Lopez, the Ninth Circuit considered whether a habeas petitioner – who had entered "as solid a waiver of the right to appeal as can be imagined" – could pursue a claim for ineffective assistance of counsel based on his allegation that his lawyer did not file an appeal after the petitioner requested one. Id. The district court denied the habeas petition without an evidentiary hearing. Id. The Ninth Circuit reversed, and held that "[i]f, as [the petitioner] claims, it is true that he explicitly told his lawyer to appeal his case and his lawyer refused, then we are required

---

[2] Petitioner also asserts that her counsel "deprived her of a right" by failing to arrange a meeting with her probation officer. Petitioner fails to explain, however, why her counsel's decision not to meet with her probation officer was unreasonable, and also fails to explain what prejudice she suffered by failing to meet with her probation officer.

[3] The Ninth Circuit also pointed out that the label "ineffective assistance of counsel" is somewhat a misnomer in this context and is not meant to imply incompetence or inability of counsel. See Sandoval-Lopez, 409 F.3d at 1198-99.

by [Roe v. Flores-Ortega, 528 U.S. 470, (2000)] to conclude that it was deficient performance not to appeal and that [petitioner] was prejudiced." Id. The Ninth Circuit therefore remanded the case to the district court to hold an evidentiary hearing regarding whether the petitioner's lawyer refused to file an appeal after petitioner explicitly requested an appeal. Id. at 1198. The Court further explained that if petitioner prevailed at the evidentiary hearing, the district court should vacate and re-enter judgment so the petitioner could pursue an appeal. Id. at 1198.[4]

Here, as in Sandoval-Lopez, petitioner alleges that she explicitly requested her counsel to appeal, but that her counsel did not do so. As Sandoval-Lopez makes clear, if petitioner's allegations are true, her counsel technically rendered ineffective assistance. These allegations would not, however, entitle her to a reduced sentence, but would only entitle her to pursue an appeal. See id. at 1197 ("[t]he prejudice in failure to file a notice of appeal cases is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal."). Therefore, even though petitioner's allegations technically entitle her to relief, they do not entitle her to the relief she requested. The Court accordingly must decide whether there are grounds for granting this relief even though petitioner never requested it.

Generally, a court "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." See, e.g., Fed. R. Civ. P. 54(c). In this case, however, because petitioner's plea agreement expressly forbids her from appealing her conviction, if petitioner appeals her sentence in breach of her plea agreement, the government could be "relieved of all of its obligations under [the]

---

[4] Other circuits have reached results akin to that in Sandoval-Lopez. See Campusano v. United States, 442 F.3d 770, 772-77 (2d Cir.2006); United States v. Poindexter, 492 F.3d 263 (4th Cir.2007); United States v. Tapp, 491 F.3d 263 (5th Cir.2007); United States v. Garrett, 402 F.3d 1262, 1265-67 (10th Cir.2005); Gomez-Diaz v. United States, 433 F.3d 788, 791-94 (11th Cir.2005). In Nunez v. United States, 495 F.3d 544 (7th Cir. 2007), the Seventh Circuit criticized these decisions, but noted that its criticism was merely dicta. See Nunez, 495 F.3d at 546 – 549.

agreement" as a result of the breach. Plea Agreement ¶ 19. Under the terms of her plea agreement, this could lead to petitioner receiving a longer sentence for the charges to which she pled guilty, or could even lead to the government filing new charges against her. Plea Agreement ¶¶ 18 – 20.

Therefore, because petitioner has not asked this Court to vacate and re-enter judgment to allow her to pursue an appeal, and because granting this relief risks prejudice to petitioner, the Court will not grant it absent an explicit request. If petitioner does seek to pursue an appeal, she must request this relief in a separate application. Additionally, if petitioner wishes to pursue an appeal, she must make a request for appointment of counsel to assist her in evaluating the prudence of this course of action. The request for counsel and request to pursue an appeal must be filed by **December 8, 2012**.[5]

## IV. CONCLUSION

In accordance with the foregoing, the Court DENIES petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

IT IS SO ORDERED.

Dated: November 8, 2012

Christina A. Snyder
United States District Judge

[5] Should petitioner file a request with the Court to pursue an appeal, the Court agrees with the government that the Court will need to hold an evidentiary hearing to resolve the factual dispute regarding whether petitioner asked her counsel to file an appeal and her counsel refused, or whether petitioner acquiesced in her counsel's recommendation not to appeal. The hearing would be limited to resolving this factual dispute. The hearing will only be scheduled if petitioner does file a request to pursue an appeal based on her ineffective assistance of counsel claim.